UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS WATZKE,<br><br>     Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>     Defendants. | Case No. 22-cv-05469-JST<br><br>**ORDER OF DISMISSAL**<br><br>Re: ECF No. 1 |

Plaintiff Nicholas Watzke filed this *pro se* action. He has been granted leave to proceed *in forma pauperis* in a separate order. ECF No. 12. The Court now screens Plaintiff's complaint, ECF No. 1, pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action is DISMISSED with prejudice.

## DISCUSSION

**A.     Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall dismiss an action brought by a plaintiff proceeding *in forma pauperis* if the court determines that the action fails to state a claim on which relief may be granted. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). "Dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Id.* Pro se pleadings must be liberally construed and the Court must take as true all allegations of material fact stated in the complaint and construe

1  them in the light most favorable to the plaintiff. *Id.*

   **B.     Discussion**

   The complaint names as defendants the City and County of San Francisco and Charles Watzke. ECF No. 1 at 1. The complaint alleges that Plaintiff was staying at a Navigation Center in San Francisco and was drugged, stalked, attacked, and kidnapped while living there. *Id.* at 2, 4-5. The complaint further alleges that there were three attempts to murder Plaintiff as part of a conspiracy. *Id.* at 4. The complaint asserts claims arising under 18 U.S.C. §§ 241, 242, 1111, 1113, 28 U.S.C. § 1738A, and Cal. Penal Code § 186.22. *Id.* at 3–5.

   The Court DISMISSES this action for the following reasons.

   First, the complaint lacks facts sufficient to "give the defendant[s] fair notice of what the . . . claim[s] [are] and the grounds upon which [they] rest[]. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint fails to identify (1) who allegedly drugged, stalked, attacked, kidnapped, and attempted to murder; (2) the specific Navigation Center at which these incidents allegedly took place; and (3) when these incidents allegedly occurred. The complaint thus fails to proffer "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

   Second, Plaintiff brings his claims under a number of state and federal criminal statutes that do not provide any private cause of action. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no private cause of action under 18 U.S.C. §§ 241, 242); *Steen v. Rostram*, No. 12-cv-15016, 2012 WL 5844186, at *2 (E.D. Mich. Nov. 19, 2012) (no private cause of action under 18 U.S.C. § 1111); *Yegorov v. Spain*, No. 2:18-cv-1732-KJM-EFB PS, 2019 WL 5091151, at *2 (E.D. Cal. Jul. 17, 2019) (no private cause of action under 18 U.S.C. § 1113); *In re Larch*, 872 F.2d 66, 68 (4th Cir. 1989) (no private cause of action under 28 U.S.C. § 1738A); *see* Cal. Penal Code § 186.22.

   Accordingly, this action will be DISMISSED for failure to state a claim. The dismissal is with prejudice because amendment would be futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

**CONCLUSION**

For the reasons set forth above, this action is DISMISSED with prejudice. The Clerk of the Court shall terminate all pending motions, issue judgment, and close the file.

**IT IS SO ORDERED.**

Dated: October 3, 2022



JON S. TIGAR
United States District Judge